A. Ernest **FITZGERALD**, Plaintiff,

v.

Robert E. **HAMPTON** et al.,
Defendants.

Civ. A. No. 74–686.

United States District Court,
District of Columbia.

Sept. 5, 1974.

John Bodner, Jr., John DeQ. Briggs, III, William L. Sollee, Washington, D. C., for plaintiff.

Earl J. Silbert, U. S. Atty., Robert S. Rankin, Jr., Asst. U. S. Atty., Anthony L. Mondello, Gen. Counsel, U. S. Civil Service Commission, Jack L. Stempler, Gen. Counsel, Dept. of the Air Force, Washington, D. C., for defendants.

BRYANT, District Judge.

Defendant has moved this court to reconsider and amend the order entered in this action on July 15, 1974. That order remanded the case to the Civil Service Commission ("Commission") with directions to hold hearings on certain factual matters. Defendant raises five objections.

■ 1. Defendant objects that this court issued its order *sua sponte* without according defendants "normal procedural rights." It is not clear what "normal procedural rights" defendants have lost. Defendants' jurisdictional defenses were on record prior to this court's order. The complete administrative record was Exhibit 1 to defendants' motion to quash. And the adequacy of the record was argued—albeit reluctantly by defendants' counsel—at the hearing on defendants' motion to quash.

Contrary to defendants' belief, it was not mere "unseemly delays" in the history of this proceeding that caused this court to expedite its decision. Rather it was the chilling effect created on "others who might feel duty bound to take similar action," i. e., who might dare to expose the shortcomings of their superiors, that motivated this court's order of July 15, 1974. First Amendment rights demand more expedited treatment than do back-pay awards.

■ 2. Defendants raise certain jurisdictional objections regarding the failure to name indispensable parties and the naming of improper parties. These objections have been cured by a stipulation between counsel filed on September 3, 1974. Accordingly, this objection is moot.

■ 3. Defendants argue that matters of reassignment are committed to non-reviewable executive discretion. Defendants miss the point. Plaintiff's complaint, and our review, was not limited to the single Air Force order of reassignment on December 3, 1973. Plaintiff complained that the set of orders given him on December 3, 1973 did not comply with the Commission's mandatory reinstatement order of September 18, 1973. The Commission decision of April 29, 1974, under review in this court, found that the Air Force actions did indeed comply with that reinstatement order. Our review, then, is of the adequacy of the record on which the Commission made its determination as to Air Force compliance. We are not reviewing a new "adverse action" relating solely to plaintiff's reassignment.

■ 4. Defendants argue that this court's review is limited to the administrative record. The court agrees. The critical question is whether the administrative record is adequate.

Before the Commission, this proceeding presented both a question of law and a question of fact. The question of law was whether FPM Chapter 351, subchapter 9–2(c) was applicable to plaintiff's reinstatement order. The question of fact which followed was whether the requirements of that regulation were met by plaintiff's particular reassignment. The Commission resolved the question of law so as to foreclose consideration of the factual question.

■ On July 15, 1974, this court reversed the Commission's ruling on the question of law, holding that the Commission's reinstatement order must be read *as a matter of law* to include the above-cited regulation. An agency may not disregard its own regulations. Since the Commission had refused to hear evidence on the question of fact raised in that regulation, the administrative record is incomplete, and the action must be remanded to allow the Commission to supplement that record.[1]

■ 5. Defendants argue that the Commission should not be required to hold hearings on the factual question for which the record is incomplete. In the court's view, plaintiff's complaint of non-compliance with the Commission's reinstatement order must be treated as a supplement to plaintiff's original complaint of wrongful discharge, which culminated in the reinstatement order being monitored here. That complaint raised substantial questions reaching Constitutional dimensions. Due process requires a hearing on those questions. Fitzgerald v. Hampton, 152 U.S.App.D.C. 1, 467 F.2d 755 (1972). Accordingly, it is, this 4th day of September, 1974.

Ordered that defendants' motion to reconsider and to amend be, and hereby is, denied.

---

1. This court has never held that the Air Force actions do not comply with the reinstatement order. This court has only held that the Commission has not measured that compliance by the correct legal standard. This remand is for a new measurement.